UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CREST AUDIO, INC.**                                                                                       **PLAINTIFF**

**vs.**                                                                     **Civil Action No. 3:12-CV-755-CWR-FKB**

**QSC AUDIO PRODUCTS, LLC**                                                  **DEFENDANT**

## ORDER

This matter is before the Court on the Defendant QSC Audio Products, LLC's Motion to Stay Pending *Inter Partes* Review, Docket No. 133, which the Defendant supports with its memorandum of law, Docket No. 134, and rebuttal, Docket No. 146. Plaintiff Crest Audio, Inc. opposes the motion. *See* Docket No. 141. Having considered the parties' submissions and relevant law, the Court finds that the Motion is well taken and should be GRANTED.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a Patent and Trademark Office *inter partes* review. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at *1-3 (S.D. Tex. Sept. 26, 2013). Courts often consider three factors when determining whether a stay is appropriate: "1) whether discovery is complete and whether a trial date has been set, 2) whether a stay will simplify the issues in question and trial of the case[,] and 3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) (citation omitted). The above factors weigh in favor of staying these proceedings. Although the Case Management Order includes a trial date, discovery has not concluded, and a trial date has not officially been

set.  Furthermore, the *inter partes* review will likely simplify the issues before the Court. Finally, a stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiff.

Based on the foregoing, the Motion to Stay is hereby granted.  This matter is stayed until the Patent and Trademark Office has concluded its *inter partes* review of the patentability of the claims of United States Patent Nos. 5,652,542 and 6,023,153.

**SO ORDERED**, this the 5th day of June, 2014.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE