IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CREST AUDIO, INC.**                                                                **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:12-CV-755-CWR-FKB**

**QSC AUDIO PRODUCTS, LLC**                                      **DEFENDANT**

**ORDER**

The plaintiff has moved to appoint a special master for claim construction. The defendant objects. It argues that a special master cannot be appointed without both parties' consent, and that the purported benefits of a special master are illusory.

**I.**      **Law**

Under the Federal Rules of Civil Procedure, the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).

> The federal courts have the inherent power to appoint persons unconnected with the court to aid judges in the performance of specific duties. Although here the parties agreed to the appointment of a master, the court has the power to appoint masters without the consent of the parties. Reference of issues to a master, even compulsory reference, does not violate the 7th Amendment right to trial by a jury to which a master's findings may be read under Rule 53(e)(3). Masters can properly aid the court in evaluating issues of patent validity and infringement in the context of motions for summary judgment, and have often done so.

*Constant v. Adv. Micro-Devices, Inc.*, 848 F.2d 1560, 1566 (Fed. Cir. 1988) (citations omitted).

Since *Constant* was decided, the law has become more favorable to the use of special masters. "As the Advisory Committee specifically recognized, 'the appointment of masters to participate in pretrial proceedings has developed extensively over the last two decades' to aid district courts in 'managing complex litigation.'" *Glover v. Wells Fargo Home Mortgage*, 629 F. App'x 331, 338 (3d Cir. 2015), *cert. denied,* 136 S. Ct. 2388 (2016) (brackets omitted).

**II.     Discussion**

The above authorities suffice to overrule the defendant's first objection: consent of the parties is *not* required for a special master to be appointed for pretrial matters. And, despite the defendant's spirited invocation of *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 837 (2015), claim construction remains a pretrial matter. *E.g.*, *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1324 (Fed. Cir. 2013). One doubts that the Supreme Court intended in *Sandoz* to abrogate Rule 53(a)(1)(C).

In this case, claim construction will be addressed more effectively and quickly with the assistance of a special master. The defendant will not be deprived of Article III review, as the Court will decide *de novo* all objections to the special master's findings of fact and conclusions of law, *see* Fed. R. Civ. P. 53(f)(3)-(4), and the special master will not preside over the actual trial. Lastly, the defendant's claims of undue delay are unavailing since it is unlikely the case would proceed on its current schedule even without a special master.

**III.    Conclusion**

The motion is granted. Within 21 days, one of two things should happen: (1) if the parties agree on a particular special master, they shall submit a proposed Order of appointment; or (2) if they disagree, they shall submit three recommendations per side, with CVs and compensation rates, again with an accompanying proposed Order.[1] The motion for leave to file a sur-rebuttal is granted, and the motion to amend the litigation schedule is denied.

**SO ORDERED**, this the 18th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] *See Highmark, Inc. v. Allcare Health Mgt. Sys., Inc.*, No. 4:03-CV-1384, 2007 WL 6457158 (N.D. Tex. Mar. 23, 2007). The lists should include only those individuals willing to serve under the parties' proposed schedule. In addition, the individuals should have no relationship to the parties, counsel, this action, or the Court which would require disqualification of a judge under 28 U.S.C. § 455.