**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CREST AUDIO, INC.**                                                                     **PLAINTIFF**

**V.**                                                           **CAUSE NO. 3:12-CV-755-CWR-FKB**

**QSC AUDIO PRODUCTS, LLC**                                                           **DEFENDANT**

**<u>ORDER</u>**

The defendant has moved to dismiss or transfer this case for improper venue. Docket No. 226. In considering the issues raised in the motion, the Court has benefitted from the parties' consistently excellent briefing, as well as an outpouring of decisions from other courts working to apply the Supreme Court's recent ruling in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).

It is not clear that this venue dispute has a "right" answer. Well-reasoned decisions have come down on both sides. *Compare iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-CV-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("*TC Heartland* does not qualify as an intervening change in law.") (Lynn, J.) *with Hand Held Prods., Inc. v. Code Corp.*, No. 2:17-167-RMG, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017) ("Even if in a literal sense it may be said that the law on patent venue has not changed since 1957, it is reasonable that litigants believe *TC Heartland* is a change in the law.") *and Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017) ("Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.").

Forced to choose, however, the undersigned agrees with Judge Lynn (and the majority of other courts to have weighed in on this point, including my colleague in this district, Tom S. Lee,

in a decision just two weeks ago – *Skyhawke Technologies, LLC v. DECA Int'l Corp.*, No. 3:10-CV-708-TSL-RHW, 2017 WL 3132066 (S.D. Miss. Jul. 20, 2017)) that the defendant's improper venue argument could and should have been raised at the outset of this case. Twenty-seven years of reliance on Federal Circuit precedent, Judge Lynn reasoned, "does not change the harsh reality that a party could have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did." *iLife Techs.*, 2017 WL 2778006, at *7 (quotation marks and citation omitted), *pet. denied*, *In re: Nintendo of Am., Inc.*, No. 2017-127 (Fed. Cir. July 26, 2017).[1] Choosing not to raise the issue might have appeared reasonable, no doubt, but that choice runs into the wall built by Rule 12(h)(1).

The defendant's motion to dismiss or transfer is denied. The plaintiff's motion for leave to submit additional briefing is denied as moot.

**SO ORDERED**, this the 7th day of August, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] "But this would have taken some convincing, and until *TC Heartland*, no defendant succeeded in doing so in the 27 years following *VE Holding*. To suggest that the defense of improper venue has always been available, and that *TC Heartland* did not effect a change in the law because it merely affirms the viability of *Fourco*, ignores the significant impact of *VE Holding* and the patent bar's reliance on the case for nearly three decades." *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *4 (D. Ariz. July 24, 2017) (quotation marks, citation, and brackets omitted). "The clairvoyance demanded of [Movant] is inconsistent with the doctrine of waiver," as one court has explained. *CG Tech. Dev., LLC v. Fanduel, Inc.*, No. 2:16-CV-801-RCJ-VCF, 2017 WL 3207233, at *2 (D. Nev. Jul. 27, 2017) (citation omitted).